DEFINITIONS AND GENERAL PROVISIONS
Collective bargaining negotiation sessions, or discussions thereof, participated in by members of a city council or other governing body of a city, or by some committee, task force or other group acting on behalf of the city, whether composed of administrative staff or others, are clearly subject to the Oklahoma Open Meeting Act and must be conducted in the open. Collective bargaining negotiation sessions participated in only by the city manager, or only by his or her designee, and the bargaining representatives of city employees, are not "meetings of a public body", within the purview of the Act, and consequently, are not subject to the Act. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Are collective bargaining negotiation sessions between a city manager of a city, or his designee, and representatives of employees subject to the Open Meeting Law. You point out in your request letter that under the city code of the City of Norman the city manager or his designee is authorized to act on behalf of the city in collective bargaining negotiations with labor organizations representing city employees, however, any agreements entered into by the city manager or his designee which require the appropriation of money are expressly made subject to appropriation of such money by the city council itself. The Oklahoma Open Meeting Act, 25 O.S. 301 [25-301] — 25 O.S. 314 [25-314] (1977), effective October 1, 1977, requires that all meetings of public bodies be open to the public. For purposes of coverage of the Act, 25 O.S. 304 [25-304] defines "public body" as follows: 1. "Public body" means the governing bodies of all municipalities located within the State of Oklahoma, boards of county commissioners of the counties in the State of Oklahoma and all boards, bureaus, commissions, agencies, trusteeships, authorities, councils, committees, public trusts, task forces or study groups in the State of Oklahoma supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public property, and shall include all committees or subcommittees of any public body. . . ." Likewise, for purposes of coverage of the Act, 25 O.S. 304 [25-304] defines the term "meeting" as follows: "2. 'Meeting' means the conducting of business of a public body by a majority of its members being personally together." From a reading of the foregoing definitions contained in the Oklahoma Open Meeting Act, it is obvious that a "public body" is considered to be made up of more than one individual person, and that "meetings" referred to in the Act encompass meetings wherein a majority of the members of a public body are personally together. Thus, an individual city manager or his or her individual designee would not appear to be a "public body" within the meaning of the Act, nor would collective bargaining sessions between an individual city manager or his individual designee and representatives of employees appear to be "meetings" within the contemplation of the Act. It would, therefore, follow that collective bargaining negotiation sessions held only between a city manager, or his or her designee, and the representatives of employees would not be "meetings of a public body" within the purview of the Oklahoma Open Meeting Act. It is, therefore, the opinion of the Attorney General that your question be answered as follows: While collective bargaining ne gotiation sessions, or discussions thereof, participated in by members of a city council or other governing body of a city, or by some committee, task force or other group acting on behalf of the city, whether composed of administrative staff or others, are clearly subject to the Oklahoma Open Meeting Act and must be conducted in the open, collective bargaining negotiation sessions participated in only by the city manager, or only by his or her designee, and the bargaining representatives of city employees, are not "meetings of a public body," within the purview of the Act, and consequently, are not subject to the Act. (GERALD E. WEIS)